

William J. Tyroler, Public Defender, Milwaukee, Wis., for petitioner-appellant.

Christopher Wren, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before CUMMINGS, WOOD, and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

The petitioner, Clark Varnell, appeals from an order of the United States District Court for the Eastern District of Wisconsin denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

**Clark VARNELL, Petitioner–Appellant,**

v.

**Warren YOUNG, Respondent–Appellee.**

**No. 87–1655.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1987.

Decided Feb. 16, 1988.

## I. FACTS

On June 17, 1985, after the petitioner pleaded guilty in the Wisconsin court system to one count of delivery of a controlled substance; two counts of aiding and abetting the delivery of a controlled substance; and one count of possessing a firearm as a felon, the Circuit Court of Kenosha County, Wisconsin, entered judgments of conviction against Varnell. Varnell was sentenced to 41 years in prison and fined $55,000. Varnell brought a motion to reduce the sentence pursuant to § 809.30, Wis.Stats.,[1] asserting that the sentence was harsh and excessive because the sentencing state trial

---

1. Section 809.30 provided in pertinent part:
   "(1) Definitions. (a) 'Postconviction relief' means an appeal or a motion for postconviction relief other than a motion under s. 973.19 or s. 974.06.

\* \* \* \* \* \*

(2) Appeal or Postconviction Motion By Defendant. (a) A defendant seeking postconviction relief in a felony case shall comply with this section."

judge allegedly compared Varnell's role in his crimes to a then recent act of terrorism in Lebanon. In denying Varnell's motion, the Wisconsin Circuit Judge made the following statement, which set in motion the events leading to the present appeal:

"Attached to this decision and made a part hereof is a sentencing note sheet routinely used by this court in all sentencings which not only enumerates the factors considered by the court in deciding upon the sentence but also indicates on its reverse side that the court intended to impose an eleven year consecutive year sentence for each of the drug counts and an eight year consecutive sentence for the possession of firearm charge and further shows that the court indicated its 'intent to give 39 (41) year sentence and $50,000.00 fine.' The 39 year computation was based upon an arithmetic error. The defendant suggests that the court intended to 'lash out' and impose the maximum, whatever that might be. While the court did not intend to 'lash out' it is indeed correct that the intention was to impose the maximum sentence.... What is necessary is that the court weigh all the appropriate factors, as has been done in this case, and from these to fix a sentence which is appropriate under all the circumstances. When those circumstances point to the imposition of a maximum sentence then that is what is to be done. *Additionally, as can be noted from the attached sheet, the court indeed fixed the various terms of years when it prepared the sentencing note sheet the evening prior to this sentencing and calculated the sentence so as to impose the maximum sentence.* The only two differences between the sentence as computed and that imposed is an arithmetic error in adding

three 11 year sentences and the eight year sentence to a total of 39 rather than the correct 41 year total and one change which was made at the time of sentencing to impose a $10,000.00 rather than a $5,000.00 fine for the weapons charge."

(Emphasis added).

Varnell, on appeal to the state appellate court from the trial court's final order denying the § 809.30 motion, raised two issues:

"(1) whether the imposition of the maximum sentence possible was excessive because the trial court impermissibly considered an inappropriate and irrelevant factor, and (2) whether Varnell was denied a meaningful right of allocution at the sentencing preceding."

*State v. Varnell*, Nos. 85–2206–CR & 85–2207–CR, unpublished op. at 2 (Wis.Ct.App. July 2, 1986) [132 Wis.2d 480, 392 N.W.2d 848 (table)]. The second issue, the petitioner's extra-judicial sentencing claim, had two components: initially, he asserted that the alleged out-of-court sentencing violated his *constitutional* due process rights; and secondly, contended that in deciding on a sentence prior to the sentencing hearing, the trial judge denied his *statutory* right of allocution pursuant to § 972.14 of the Wisconsin Statutes.[2]

Judge Nettesheim, writing for the Wisconsin Court of Appeals, upheld the petitioner's sentence, disregarding the harshness attack but refused to reach the merits of Varnell's twofold extra-judicial sentencing claim. The court specifically stated:

"Varnell also claims that the trial court determined the sentence it imposed prior to the sentencing proceeding, thus rendering his right of allocution meaningless. *We do not reach the merits of this claim* [3] *because we are persuaded that*

---

2. Section 972.14 provides:
   "Statements before Sentencing. Before pronouncing sentence, the court shall inquire of the defendant why sentence should not be pronounced upon him and accord the district attorney, defense counsel and defendant an opportunity to make a statement with respect to any matter relevant to sentence."

3. The Wisconsin Court of Appeals noted at page 7 that:

"Varnell did not raise this issue below. In his brief, he explains that the 'issue became apparent only when the judge made mention of the sentencing notes in his written decision and order. However, the order triggered [the] time limit for taking appeal.' Varnell indicates that he had to file a notice of appeal or jeopardize his right to appellate review of the issue previously discussed here [i.e., the harshness attack]. Once the notice of appeal

*it should first be presented to the trial court before this court reviews it."*

*Id.* at 6 (emphasis added). The Wisconsin Court of Appeals further observed that: "the trial court's comments under challenge were made in response to an entirely different argument than that now made by Varnell. *We are persuaded that the trial court should first be given an opportunity to explain its comments in the written decision in the face of the specific ground asserted by Varnell upon appeal. Therefore, we decline to address the merits of the issue.* We affirm the judgments and the order denying the motion for a reduced sentence. Since Varnell's complaint *raises a constitutional issue,* it appears, upon remittitur, that he may pursue post-conviction remedies under § 974.06, Stats., if he wishes to do so."

*Id.* at 7–8 (emphasis added).

Varnell petitioned for review in the Wisconsin Supreme Court pursuant to § 809.62, Wis.Stats., reasserting a violation of his constitutional due process rights since the state circuit judge had determined his sentence outside of, and prior to, his sentencing hearing. Additionally, Varnell argued that the Wisconsin Court of Appeals' refusal to rule on the extra-judicial sentencing claim, and its attendant consignment to a § 974.06 collateral attack,[4] violated his federal due process right to a direct appeal. The Wisconsin Supreme Court denied review by order dated October 14, 1986, and Varnell filed a habeas petition. The district court dismissed the petition,

finding that Varnell failed to exhaust his remedies in the state courts. The sole question before us is whether the petitioner, Clark Varnell, exhausted his state court remedies as required by 28 U.S.C. § 2254(d).[5] *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

## II.

The Supreme Court held that:

"The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.... Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution.... Because 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' "

*Rose v. Lundy,* 455 U.S. at 518, 102 S.Ct. at 1203. However, we have emphasized that the "opportunity presented to the state court must be a *fair* opportunity." *Wallace v. Duckworth,* 778 F.2d 1215, 1223 (7th Cir.1985). In order to argue success-

---

was filed, the trial court no longer had jurisdiction to entertain a motion to modify the sentence. Therefore, we conclude that the issue is not waived."

**4.** Section 974.06 provides in relevant part: "Postconviction procedure. (1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**5.** Section 2254 in part provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

fully that the state courts were afforded a fair opportunity to decide the claim, the petitioner must establish that the state court was "fairly alerted" to the constitutional claim and that "the 'substance' of the ... claim [was] 'fairly presented.'" *Id.* at 1223. A habeas petitioner "has 'fairly presented' a claim to a state court if he has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights." *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir.1982); *see also Arrowood v. Clusen,* 732 F.2d 1364, 1368 (7th Cir.1984).

The petitioner asserts that the state courts were fairly alerted to his twofold extra-judicial sentencing claim and were given a fair opportunity to rule on these claims since the record before the Wisconsin appellate courts contained an adequate factual basis to provide review. Varnell's assertions are remarkable in light of the Wisconsin Court of Appeals' decision refusing to address Varnell's extrajudicial sentencing claims specifically because it found that the issue was not properly before it. The court, as previously noted, stated:

"We conclude that the issue is not waived. However, the trial court's comments under challenge were made in response to an entirely different argument than that now made by Varnell. *We are persuaded that the trial court should first be given an opportunity to explain its comments in the written decision in the face of the specific ground asserted by Varnell upon appeal."*

*State v. Varnell,* op. at 7–8 (emphasis added). Implicitly, the Wisconsin Court of Appeals found that it lacked an adequate factual record on which to review the merits of Varnell's claims. We observe that an important purpose for the Supreme Court's *Rose v. Lundy* decision, which required state prisoners to fully exhaust their state court remedies, was to enable the state courts to fully develop the factual record. The Supreme Court stated:

"Equally as important, federal claims that have been fully exhausted in state courts will more often be accompanied by

a complete factual record to aid the federal court in their review."

*Rose v. Lundy,* 455 U.S. at 520, 102 S.Ct. at 1203–04. We refuse to second-guess a state court's finding that an insufficient factual record exists to review the defendant's claim. The doctrine of comity, at a minimum, requires that we defer to the Wisconsin state courts until the merits of Varnell's claims have been adjudicated.

We note, however, that "exhaustion is only required 'if [the petitioner] has the right under the law of the state to raise, by any available procedure, the question presented.'" *Wallace v. Duckworth,* 778 F.2d at 1225 (quoting *Moore v. Duckworth,* 581 F.2d 639, 643 (7th Cir.1978)). In this case the Wisconsin appellate court specifically stated:

"Since Varnell's complaint raises a constitutional issue, it appears, upon remittitur, that he may pursue post-conviction remedies under § 974.06, Stats., if he wishes to do so."

*State v. Varnell,* op. at 8. Because Varnell has not to date presented his constitutional, extra-judicial sentencing claim to the Wisconsin courts pursuant to § 974.06, Wis.Stats., he has clearly not exhausted his state court remedies on all his claims. *See Gornick v. Green,* 819 F.2d 160, 162 (7th Cir.1987) (citing to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). Thus, we agree with the district court and dismiss the petitioner's habeas petition.

Lastly, we observe that the petitioner would concede that he had not exhausted his state remedies if his statutory right to allocution claim is cognizable under § 974.06, Wis.Stats. The respondent argues that § 974.06 "applies to claims that 'the sentence was imposed in violation of the ... laws of this state,' [as well as] to claims of constitutional and jurisdictional dimension." Respondent-Appellee's Supplemental Brief at page 2. The respondent concedes that "Varnell stated at least a *prima facie* claim that his sentence had been 'imposed in violation of the ... laws of [the State of Wisconsin],'" *Id.,* and "would not contend that § 974.06 cannot cover such a claim." *Id.* at 3. Ironically,

the petitioner rejects the respondent's interpretation of § 974.06, arguing that mere statutory violations are not cognizable under this section. We observe that both Varnell and the respondent unequivocally agree on one point, that the Wisconsin courts have not yet decided whether an alleged denial of the right of allocution constitutes a claim cognizable under § 974.06, Wis.Stats. Under these circumstances, the doctrine of comity requires that the state courts be afforded a fair opportunity to address this question before it is subject to federal review. Thus, even if we were to hold, which we do not, that Varnell fairly presented his due process, extra-judicial sentencing claim to the Wisconsin state courts, the Supreme Court's rule of total exhaustion would still require that we affirm the district court because Varnell cannot allege a federal due process constitutional violation of his right to direct appeal since he has not yet attempted to raise his statutory right to allocution claim in the Wisconsin courts pursuant to § 974.06, Wis.Stats.

The judgment of the district court is affirmed.