James Allen CHATFIELD, Petitioner,

v.

Thomas RICHARDS, and Indiana Attorney General, Respondents.

Civ. No. S 90–157.

United States District Court, N.D. Indiana, South Bend Division.

July 5, 1990.

**1263**

James Allen Chatfield, pro se.

Thomas D. Quigley, Office of Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

On April 11, 1990, *pro se* petitioner, James Allen Chatfield, an inmate at Indiana's Westville Correctional Center, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed on May 14, 1990, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner entered a plea of guilty in the Huntington Circuit Court, Huntington, Indiana, on March 13, 1989 for the offense of armed robbery. He was sentenced to a term of 10 years in prison. No appeal of that conviction has been prosecuted and no post-conviction remedies have been sought. Both appellate and post-conviction remedies are readily available.

█ It is basic and elementary under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981), and *Varnell v. Young*, 839 F.2d 1245 (7th Cir.1988), that as a prerequisite to seeking relief under § 2254, available state remedies must be exhausted. Recently, Justice Scalia, speaking for the Supreme Court of the United States in

*Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), reaffirmed the same in no uncertain terms. Since there are readily available remedies being pursued, they must be exhausted.

█ Once again, an inmate incarcerated at the Westville Correctional Center is involved in a misguided attempt to assert that the State of Indiana's failure to charge him by way of a grand jury indictment in some way provides a basis for relief under 28 U.S.C. § 2254. The statute being challenged by the petitioner is Indiana Code § 35–34–1–1, which provides in relevant part that "any crime may be charged by indictment or information." Therefore, by statute, Indiana may choose its method of prosecution, and in the petitioner's case, it chose to prosecute by information rather than by indictment.[1]

### II.

█ The petitioner contends that Indiana Code § 35–34–1–1 is contrary to the Fifth Amendment of the Constitution of the United States. In the most categorical terms, it is not. The Fifth Amendment of the Constitution of the United States provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger. . . .

It is historically elementary that the provisions of the Fifth Amendment of the Constitution of the United States were originally designed to be applicable only as against the government of the United States and not the individual states. However, in the twentieth century, the Supreme Court of the United States engaged in a far reaching but limited incorporation of some but not all of the provisions of the Bill of Rights into the Fourteenth Amendment of the Constitution of the United States and to make the same applicable to the states. Nevertheless, it is well established that the

1. The Constitution of the State of Indiana does *not* require criminal charges to be brought by way of a grand jury indictment. *See* Art. I, §§ 11–19.

constitutional requirement for use of a grand jury in felony cases applies only to prosecutions by the Federal Government and does not apply to state prosecutions. *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). *See also Beck v. Washington,* 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962), and *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972).

### III.

▇ The petitioner also cites Art. IV, § 2, cl. 1 as authority for his argument. This court has carefully reviewed the history, purpose, and case authorities with regard to Art. IV, § 2, cl. 1 of the Constitution of the United States, which provides:

> The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.[2]

The opinion of Justice Bushrod Washington, sitting on Circuit, remains a classic exposition of the Privileges and Immunities Clause.

> The next question is, whether this act infringes that section of the constitution which declares that 'the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states?' The inquiry is, what are the privileges and immunities of citizens in the several states? We feel no hesitation in confining these expressions to those privileges and immunities which are, in their nature, fundamental; which belong, of right, to the citizens of all free governments; and which have, at all times, been enjoyed by the citizens of the several states which compose this Union, from the time of their becoming free, independent, and sovereign. What those fundamental principles are, it would perhaps be more tedious than difficult to enumerate. They may, however, be all comprehended under the following general heads: Protection by the government; the enjoyment of life and liberty, with the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety; subject nevertheless to such restraints as the government may justly prescribe for the general good of the whole. The right of a citizen of one state to pass through, or to reside in any other state, for purposes of trade, agriculture, professional pursuits, or otherwise; to claim the benefit of the writ of habeas corpus; to institute and maintain actions of any kind in the courts of the state; to take, hold and dispose of property, either real or personal; and an exemption from higher taxes or impositions than are paid by the other citizens of the state; may be mentioned as some of the particular privileges and immunities of citizens, which are clearly embraced by the general description of privileges deemed to be fundamental: to which may be added, the elective franchise, as regulated and established by the laws or constitution of the state in which it is to be exercised. These, and many others which might be mentioned, are, strictly speaking, privileges and immunities, and the enjoyment of them by the citizens of each state, in every other state, was manifestly calculated (to use the expressions of the preamble of the corresponding provision in the old articles of confederation) 'the better to secure and perpetuate mutual friendship and intercourse among the people of the different states of the Union.' *Corfield v. Coryell,* 6 F.Cas. 546, 551 (C.C.E.D.Pa. 1823 (No. 3,230)).

There is not a single case under either the Privileges and Immunities clause in Art. IV, § 2, cl. 1 or The Fourteenth Amendment of the Constitution of the United States that creates a *right* in a citizen to be indicted by a grand jury in a state court criminal felony case.

### IV.

▇ The petitioner also cites the Supremacy Clause in Art. VI, cl. 2 of the

---

**2.** *See* Amendment Fourteen, Section 1; *See also The Federalist* Nos. 42 (Madison) and 80 (Hamilton), and Max Farrand, *The Records of the Fed-* *eral Convention of 1787,* Vol. 2, pp. 173, 187, 443 (New Haven rev. ed.) 1937.

Constitution of the United States which states:

> .... This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Supremacy Clause in Art. VI does not mandate that states in the Federal Union be required to indict by grand jury in state courts for felony offenses. That clause found its way into the original Constitution through the authorship of Luther Martin, which was later borrowed and modified by the so called Patterson or New Jersey Plan at the Constitutional Convention. Luther Martin was the bitter-ender states righter in the Federal Convention.[3] However, his Supremacy Clause has *never* been used to force a state to indict in a state court by way of a grand jury for felony offenses.

## V.

■ The petitioner has also tried to find salvation for this theory in the Ninth Amendment of the Constitution of the United States, which provides:

> The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.

Robert Jackson described this Amendment as a "mystery".[4] With all deference, all of the discussions about penumbras and enumerations in *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) are not all that enlightening, at least as to the original intent embedded in this Amendment. This court is more attracted to the view of Justice Black, dissenting in *Griswold*, at 507, 85 S.Ct. at 1694. *See also*, Van Alstyne, *Slouching Toward Bethlehem With the Ninth Amendment*, 91 Yale L.J. 207 (1981). Even the most liberal reading of the Ninth Amendment by Justice Douglas in *Griswold* does not provide any basis whatsoever to require a state in the Federal Union to indict for a felony offense by means of grand jury.

There can be no doubt that grand juries existed under common law before 1787 or 1791.[5] For the right of a state to modify pre-existing common law inherent in the federalistic arrangement of governmental functions under the Constitution of the United States, compare the insights of Justice Black in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) with the comments of Justice Harlan, concurring in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

Whether the Ninth Amendment as read by Robert Jackson, Hugo Black, or William Douglas is correct, it in no way creates a right under the United States Constitution requiring a defendant charged with a felony in a state court to be charged by way of grand jury indictment.

The offenses charged against this petitioner could be charged in Indiana without reference to a grand jury. Nothing in the Constitution of the United States disturbs this conclusion. The effort to undermine the authority of the State of Indiana to charge this petitioner by reference to any provision in the Constitution of the United States is without merit.

In the interest of the greatest of caution and to permit the petitioner to properly exhaust other issues that *may* be available, the petition is DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.

---

3. Clinton Rossiter, *1787 The Grand Convention* (1966) p. 175–176.

4. *See* Robert H. Jackson, *The Supreme Court in The American System of Government* (Cambridge, Mass.1955) pp. 3, 6, 74, 75.

5. *See* Morse, *A Survey of the Grand Jury System*, 10 Or.L.Rev. 101 (1931). *See also*, B. Schwartz, The Bill of Rights: A Documentary History (New York 1971), Vol. 1 pp. 162–166.