**Gene Vontell GRAHAM, Petitioner,**

v.

**Thomas RICHARDS, and Indiana Attorney General, Respondents.**

**Civ. No. S90–125.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 6, 1990.

Gene Vontell Graham, pro se.

Kimberlie A. Forgey, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On March 22, 1990, *pro se* petitioner, Gene Vontell Graham, an inmate at Indiana's Westville Correctional Center, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed on May 22, 1990, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The court has also examined the Traverse filed by the petitioner on June 8, 1990.

The petitioner entered a plea of guilty to one count of robbery in the St. Joseph Superior Court, South Bend, Indiana, and was sentenced to an indeterminate term of imprisonment from 10 to 25 years on December 3, 1976. Although no direct appeal was taken to the Supreme Court of Indiana, a petition for post-conviction relief was filed in the state trial court and was denied on August 10, 1979. No appeal was taken from that denial.

A second petition for post-conviction relief was filed in the state trial court on September 15, 1988, which remains pending. On July 12, 1988, the petitioner filed a belated motion to correct error and belated appeal, which was denied by the state trial court on August 2, 1988. No appeal was taken from said denial. In his first petition for post-conviction relief, the petitioner raised the following issues:

(1) waiver of rights without full advisement of all rights;

(2) excessive sentence imposed; and

(3) guilty plea not entered knowingly, intelligently and voluntarily.

In his second petition, the following issues were raised:

(1) ineffective assistance of trial counsel;

(2) guilty plea not entered intelligently and voluntarily;

(3) improper revocation of parole;

(4) erroneous sentence;

(5) improper arrest warrant;

(6) waiver of rights without full advisement of all rights;

(7) excessive sentence imposed; and

(8) judge prejudiced against petitioner.

Here, the petitioner raises four issues:

(1) delay of post-conviction court in disposing of petition;

(2) failure of trial court to advise petitioner of provisions of IND. CODE § 35–4.1–1–3(b, d & e);

(3) ineffective assistance of trial counsel;

(4) improper revocation of parole; and

(5) failure to provide copy of presentence report prior to sentencing.

Since the petitioner is in the process of exhausting state remedies, the burden is on

him to establish a basis for relief under *Lowe v. Duckworth,* 663 F.2d 42 (7th Cir. 1981). *See also Dozie v. Cady,* 430 F.2d 637 (7th Cir.1970).

The record in this case is very convoluted and extremely difficult to follow, but this court will do the best it can to indulge a *pro se* prisoner petition, as is its obligation under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and its progeny. *See also Smith v. Fairman,* 862 F.2d 630 (7th Cir.1988) *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989); *Abdul–Wadood v. Duckworth,* 860 F.2d 280 (7th Cir.1988); and *Cain v. Lane,* 857 F.2d 1139 (7th Cir.1988).

The petitioner apparently requested a transcript of one post-conviction hearing on June 12, 1980 "for review and copying and preparation for a petition for post-conviction relief." Almost eight years later on March 23, 1988, the petitioner requested a transcript of the August 10, 1979 hearing. These requests were denied because there were no pending proceedings. The first request came after the post-conviction court had denied the first petition on the merits of the petitioner's claims and after the period for appeal of that denial had expired.

On July 12, 1988, the petitioner filed a belated motion to correct errors and belated appeal apparently attempting to comply with Rule P.C. 2 of Indiana Rules of Procedure for Post–Conviction Remedies. On August 2, 1988, the state trial court denied petitioner's motion and stated its reasons as follows:

The request is denied for the following reasons: a. In 1979, petitioner pursued post-conviction relief, which was denied. b. In 1988, petitioner pursued requests to modify sentence, which were denied. c. Petitioner avers no specific grounds for a belated appeal. d. Petitioner avers no showing of due diligence between 1979 and 1988 to support his request for belated appeal. REQUEST DENIED.

Shortly thereafter, on September 15, 1988, petitioner filed a second petition for post-conviction relief and on the next day filed his praecipe. The state trial court noted in its docket entry that the petitioner failed to designate the pertinent parts of the record which he desired and directed him to specify the parts of the record requested. The record does not show that the petitioner complied with that request. The proceedings continued over petitioner's second petition with the state answering the petition and responding to several motions made by the petitioner.

On November 11, 1988, the petitioner filed another "belated motion to correct error of PC 1 hearing of August 10, 1976." On December 15, 1988, the post-conviction court held a hearing in several matters concerning petitioner's petition. At that hearing, the petitioner waived representation by the Indiana Public Defender which is largely the basis of this record being so convoluted. On April 17, 1989, the state trial court set the petition for hearing on June 15, 1989, and the same was later reset to August 24, 1989. On June 28, 1989, the petitioner filed a "praecipe for withdrawing submission" in which he requested his case be withdrawn from the state post-conviction court and referred to the Indiana Supreme Court for the appointment of a special judge. The state trial court removed the post-conviction hearing scheduled August 24, 1989, from its calendar and on September 8, 1989, the petitioner filed another praecipe for the record of proceedings.

There can be no doubt that this *pro se* petitioner has totally and completely muddled this record and is attempting a judicial run around the bases without having hit a fair ball. The facts in this case are in vast contrast to those of *Lowe v. Duckworth,* 663 F.2d at 42, and *Dozie v. Cady,* 430 F.2d at 637. Neither of those cases provide any excuse for this *pro se* petitioner to avoid the requirement of exhausting readily available Indiana trial and appellate remedies.

This *pro se* petitioner is required by the decisions of the Supreme Court of the United States in such cases as *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981), and *Var-*

*nell v. Young,* 839 F.2d 1245 (7th Cir.1988), to exhaust readily available state remedies. He simply has not done so. The fact that he has created this judicial mess does not require this court to conduct proceedings that would otherwise be properly before a state trial court. This court will not do so. This court is neither a court of general review nor an appellate court for state criminal convictions. This court functions strictly as a court of collateral review to deal with constitutional issues after the same have been appropriately exhausted. Such exhaustion has simply not taken place here and it is not the fault of the state judiciary, but the fault of the petitioner.

The petition is now DENIED WITHOUT PREJUDICE. IT IS SO ORDERED.