78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jose R. MOGOLLON, Petitioner-Appellant,
v.
Christopher MELOY,[1] Respondent-Appellee.
 Nos. 94-3207, 95-1443.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 29, 1996.*
Decided Feb. 29, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jose Mogollon, an inmate at the Indiana Youth Center, was convicted of aggravated battery and conspiracy to deliver cocaine. He petitioned for a writ of habeas corpus as to each conviction. 28 U.S.C. § 2254. The district court denied both petitions, and Mogollon appealed. We affirm.
 
 
 2
 In No. 94-3207, Mogollon argues that his continued custody for aggravated battery is unconstitutional because he was not sentenced by a genuine judicial officer, his Sixth Amendment right to counsel was violated on two occasions, and the prosecution against him was initiated by a prosecutor upon information rather than indictment. In No. 95-1443, he contends that he was convicted of conspiracy to deliver cocaine without due process of law because the prosecutor initiated criminal proceedings upon information rather than indictment.
 
 I. Judicial Officer
 
 3
 Mogollon asserts that his conviction and sentence are invalid because there was no legitimate judicial officer presiding over the court. Mogollon was sentenced by a judge pro tempore, and he argues that the appointment papers the state submitted during his direct appeal are false, that the judge pro tempore was never properly appointed. The state appellate court specifically examined those documents and held that the judge pro tempore was properly appointed. Mogollon v. State, No. 49A02-92-Cr-201 (Ind.App. Sept. 7, 1993) (unpublished).
 
 
 4
 Federal courts may examine only questions of federal law in a § 2254 proceeding. 28 U.S.C. § 2254(a); Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Whether a state judge is properly qualified is a question of state law. Here, Mogollon attacks not the constitutional adequacy of Indiana's appointment procedures, but the determination that this particular judge pro tempore was appointed according to Indiana's requirements. The state court determined that he was, and "it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." Estelle v. McGuire, 112 S.Ct. at 480. This claim is not cognizable in a § 2254 proceeding.
 
 II. Right to Counsel
 
 5
 Mogollon claims that his right to counsel was violated on December 5, 1991, when the prosecutor filed charges against him while he was unrepresented. We decline to address this claim because it was never presented to the district court, and arguments not made before the district court are waived on appeal. Weber v. Murphy, 15 F.3d 691, 695 (7th Cir.), cert. denied, 114 S.Ct. 1865 (1994).
 
 
 6
 Mogollon further contends that his right to counsel was violated when counsel, rather than assisting Mogollon in filing a petition for transfer to the Indiana Supreme Court, ended representation after the Indiana Court of Appeals rendered its decision on September 7, 1993. Criminal defendants are only guaranteed counsel, however, for trial and direct appeal as of right. Ross v. Moffitt, 417 U.S. 600, 610 (1974). In Indiana, appeal as of right ends with the Indiana Court of Appeals; other than cases that lie within its original jurisdiction, the Indiana Supreme Court has discretion to grant or deny petitions for transfer. See Ind.R.App.P. 4(A), 11; Ind. Const. Art. VII, § 6 (right to one direct appeal). Because Mogollon has no right to counsel for a discretionary appeal, his Sixth Amendment right to counsel was not violated when the Indiana Supreme Court filed and later denied his pro-se petition for transfer.
 
 
 7
 III. Information or Indictment?
 
 
 8
 Finally, Mogollon contends in both appeal Nos. 94-3207 and 95-1443 that the state court lacked subject-matter jurisdiction because the proceedings against him were initiated in an unconstitutional manner, by prosecutor's information rather than indictment.[2]
 
 
 9
 Mogollon claims that Indiana Code § 35-34-1-1 is unconstitutional because it allows a prosecutor, by filing an information, to initiate judicial proceedings without the participation of a judicial officer or an adversary proceeding. The Fifth Amendment requires the federal government to bring felony charges by indictment. The Fourteenth Amendment, however, does not require states to charge only by indictment; it is not unconstitutional for Indiana to proceed by information, rather than indictment. Hurtado v. California, 110 U.S. 516, 538 (1884); Bae v. Peters, 950 F.2d 469, 477 (7th Cir.1991). Other provisions of the Indiana Code require judicial determination of probable cause before a prosecutor may file an information, see Ind.Code §§ 35-33-2-1-, 35-33-7-2, so there is no indication that § 35-34-1-1 violates defendants' constitutional rights. See Resnover v. Pearson, 754 F.Supp. 1374, 1390 (N.D.Ind.1991), aff'd, 965 F.2d 1453 (7th Cir.1992), cert. denied, 113 S.Ct. 2935 (1993); Chatfield v. Richards, 739 F.Supp. 1262, 1263-64 (N.D.Ind.1990). Moreover, although Mogollon argues that he was convicted without due process of law, he makes no showing that the probable cause procedures were not followed in either of his cases, or that he did not receive adequate notice of the charges against him or have sufficient opportunity to defend himself. Bae, 950 F.2d at 478.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, petitioner's request for oral argument is denied; No. 94-3207 is submitted on the briefs and the record, and No. 95-1443 is submitted on the petitioner's brief and the record because appellee declined to participate in the appeal due to lack of service in the district court. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 During the pendency of this appeal, Christopher Meloy succeeded Clarence Trigg as superintendent of the Indiana Youth Center. Consequently, Meloy is substituted as the respondent in this appeal. See Fed.R.App.P. 43(c)(1)
 
 
 [2]
 Although in No. 94-3207 the government argues waiver for failure to raise in the district court, we need not decide that issue because, regardless, we must address the merits in No. 95-1443