948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dwayne D. SCRUGGS, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 90-3523.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided Nov. 26, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Dwayne D. Scruggs appeals the district court's dismissal of his petition for a writ of habeas corpus. Mr. Scruggs is currently confined in the Indiana State Reformatory, following a conviction for rape and armed robbery. On November 19, 1987, Mr. Scruggs filed a petition for post-conviction relief in state court. That petition is still pending. After receiving numerous continuances in the state court proceeding and changing from representation by a privately retained attorney to a public defender, Mr. Scruggs, now appearing pro se, contends that he should be excused from the exhaustion requirement of 28 U.S.C. 2254(b).[1] He argues that the long delay in the state court, prompted by his repeated experiences with incompetent attorneys, illustrates that the Indiana post-conviction relief procedure is ineffective to protect his rights. After reviewing the decision of the district court as well as the record, we conclude that the district court properly dismissed the petition for failure to exhaust state remedies.
 
 
 2
 Excessive and unjustifiable delay on the part of the state may constitute grounds for avoiding the exhaustion requirement of 28 U.S.C. 2254(b), thus allowing a district court to rule directly on the merits of a habeas corpus petition. Lowe v. Duckworth, 663 F.2d 42 (7th Cir.1981); Hollis v. Davis, 912 F.2d 1343 (11th Cir.1990). We believe that the delay in hearing Mr. Scruggs' post-conviction petition is not so unjustifiable as to excuse the exhaustion of state remedies.
 
 
 3
 Mr. Scruggs argues that the inefficiency of the state of Indiana in the guise of the Public Defender's Office, which for a period has overseen his state court post-conviction relief petition,[2] constitutes an "ineffective process" justifying excuse from the exhaustion requirement. Mr. Scruggs overlooks, however, the fact that he has no constitutional right to effective assistance of counsel in this case. Contrast Harris v. Champion, 938 F.2d 1062, 1065 (10th Cir.1991) (In the first appeal as of right for an indigent defendant, "[i]f ... the [four year] delay has been caused by the Oklahoma Appellate Public Defender's Office and authorized by the Oklahoma Court of Criminal Appeals, we would have no difficulty in attributing such delays to the state, particularly if the petitioner has not personally caused the delays nor condoned them."). As the district court correctly explained below, there is no constitutional right to effective assistance of counsel in state collateral proceedings. Coleman v. Thompson, 111 S.Ct. 2546, 2567 (1991); Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct.1990 (1987); Prihoda v. McCaughtry, 910 F.2d 1379 (7th Cir.1990). In addition, accepting representation by a public defender for post-conviction relief is merely one option provided by the state of Indiana. As Mr. Scruggs was advised in a letter from his public defender, he may also proceed by hiring an attorney of his choice, or by acting pro se.
 
 
 4
 Mr. Scruggs did, in fact, choose to be represented by a privately retained attorney for close to two years. The record indicates that the Public Defender's Office was not assigned to the case until August 1989. Mr. Scruggs filed this petition for habeas corpus on June 29, 1990. The Public Defender's Office was involved in the case for less than a year and cannot be entirely blamed for the more than three year delay Mr. Scruggs complains of in his brief. Mr. Scruggs concedes that "it is a more than reasonable probability that, but for Attorney Watkin's [the retained attorney's] unprofessional errors, the results of the proceedings would have been resolved by now." (Appellant's Brief at 10). We cannot hold the state responsible for the delay. The errors of his counsel are imputed to Mr. Scruggs. See Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986) ("Although she blames her lawyer for the failure, a litigant is bound by his lawyer's acts.").
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 28 U.S.C. § 2254(b) provides:
 An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court should not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
 
 
 [2]
 It is unclear from the record whether Mr. Scruggs is still represented by the Public Defender's Office in his state petition