41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nolan L. JAMES, Petitioner/Appellant,
v.
Daniel McBRIDE, Respondent/Appellee.
 No. 92-3730.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 24, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Nolan L. James appeals the district court's dismissal without prejudice of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 In October 1989, an Indiana state jury convicted James of child molesting and he was sentenced to sixteen years in prison. James appealed and in August 1990, the Indiana Court of Appeals affirmed his conviction in a memorandum decision. In February 1992, James filed a state petition for post-conviction relief. Dissatisfied with the progress of the state petition, James filed this federal petition for a writ of habeas corpus in district court in August 1992. The district court denied the petition for a writ of habeas corpus, finding that James had not exhausted his state remedies.
 
 
 3
 A federal court may consider a petition for a writ of habeas corpus only after the petitioner has first presented his claims to a state court and exhausted his state remedies. Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Pitchess v. Davis, 421 U.S. 482, 487 (1975). A petition must be dismissed if available state remedies have not been exhausted. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509, 511 (1982). Exhaustion of state remedies is determined at the time the petition for a writ of habeas corpus is filed. Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir.1992). In this case, James filed this federal action while his state post-conviction petition was still pending. Thus, James has not exhausted his state remedies.
 
 
 4
 James argues that he should not be required to exhaust state remedies because the Indiana public defender assigned to his state petition told him that due to the public defender's caseload, it would take two years to begin his case. According to James, this delay constitutes grounds for waiver of the exhaustion requirement. Exhaustion may be waived where state court delay is inordinate and unjustifiable. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981). However, "[e]rrors committed by counsel representing a prisoner on collateral attack are not attributed to the state." Lane v. Richards, 957 F.2d 363, 365 (7th Cir.) (citing Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991)), cert. denied, 113 S.Ct. 127 (1992). Thus, in Lane, we found that a public defender's five years of inaction on a post-conviction attack could not constitute state court delay. Lane, 957 F.2d at 365. Likewise, in James' case, a two year wait before the public defender takes action on his post-conviction attack cannot be considered state court delay. Because James may pursue his petition in state court pro se and obviate the delay, he may not avoid the exhaustion requirement.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record