41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene Keith SULIE, Petitioner-Appellant
v.
Robert FARLEY, Respondent-Appellee.
 No. 93-3208.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 8, 1994.
 
 Before FAIRCHILD, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Eugene Keith Sulie, a state prisoner appearing pro se, appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, alleging that the Indiana state trial court denied his right to appeal by refusing to grant or deny a successive post-conviction petition for over seventeen months. For the following reasons, we affirm.
 
 
 2
 In December, 1976, an Indiana state court convicted Eugene Sulie of first degree murder and sentenced him to life imprisonment. This conviction was affirmed by the Indiana Supreme Court on direct appeal in Sulie v. State, 269 Ind. 204, 379 N.E.2d 455 (1978), cert. denied, 440 U.S. 948 (1979). In 1985, Sulie petitioned the Indiana state trial court for post-conviction relief alleging ineffective assistance of trial counsel. The state court denied the petition and Sulie appealed. The state supreme court affirmed the trial court in Sulie v. State, 522 N.E.2d 380 (Ind.1988). Thereafter, on April 2, 1991, Sulie filed a second petition for post-conviction relief in the Indiana state trial court alleging that his first post-conviction counsel was ineffective for failing to subpoena trial counsel and omitting the identities of jurors alleged to have tainted the voir dire panel. In August of 1991, Sulie requested a hearing. On June 19, 1992, Sulie filed an amended petition for post-conviction relief. No further action has been taken in the state court.
 
 
 3
 Sulie subsequently filed a petition for federal habeas corpus claiming that as the Indiana trial court had failed to rule on his second post-conviction petition, he was entitled to federal habeas corpus relief on the claims raised therein.[1] The district court found that the state court's delay in ruling on Sulie's petition was not improper considering Sulie's previous efforts, or lack thereof, to pursue a post-conviction remedy in state court. The court further stated that even if there was an unjustifiable delay in the state court proceedings, Sulie's claim of ineffective assistance of post-conviction counsel was not a cognizable federal habeas corpus claim. The district court dismissed Sulie's petition with prejudice providing, however, that if there were other claims that would be cognizable under 28 U.S.C. Sec. 2254, the petition was otherwise denied without prejudice. This timely appeal followed.
 
 
 4
 28 U.S.C. Sec. 2254(b) provides that "[a]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Hence, where there exists an inordinate and unjustifiable state court delay in ruling on a prisoner's petition for habeas relief, the district court must address the merits of the habeas petition. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981). However, as Sulie's state post-conviction petition does not state a claim for federal habeas relief, we need not consider whether the Indiana state trial court's delay was improper.
 
 
 5
 In his state post-conviction petition, Sulie alleged ineffective assistance of post-conviction counsel. Since there is no constitutional right to effective assistance of counsel in state post-conviction proceedings, Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989)); see also Lane v. Richards, 957 F.2d 363, 365 (7th Cir.1992) ("[T]here is no constitutional right to counsel on collateral attack."), cert. denied, 113 S.Ct. 127 (1992), there is no federal habeas relief for ineffective assistance of state post-conviction counsel. As the district court properly determined that Sulie's habeas corpus petition did not present a valid claim for federal habeas relief, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 We point out that this was the fourth petition seeking a writ of habeas corpus, 28 U.S.C. Sec. 2254, filed by Sulie challenging his 1976 murder conviction. All three previous petitions were denied by the district court. This court has subsequently affirmed the district court's denial of each petition. Sulie v. Duckworth, 689 F.2d 128 (7th Cir.1982), cert. denied, 460 U.S. 1043 (1983); Sulie v. Duckworth, 864 F.2d 1348 (7th Cir.1988), cert. denied, 493 U.S. 828 (1989); Sulie v. Duckworth, 908 F.2d 975 (7th Cir.1990), cert. denied, 498 U.S. 988 (1990). Sulie also filed a federal civil rights action which was dismissed by the district court. The district court's order dismissing the action was affirmed by this court in Sulie v. Duckworth, 767 F.2d 924 (7th Cir.1985), aff'g, 583 F.Supp. 995 (N.D.Ind.1984)