**Willie DOZIE, Petitioner,**

v.

**Elmer CADY, Respondent.**

**Misc. No. 861.**

United States Court of Appeals,
Seventh Circuit.

June 11, 1970.

Willie Dozie, pro se.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

Before KILEY, KERNER and PELL, Circuit Judges.

PER CURIAM.

Petitioner was convicted of armed robbery in a Wisconsin state court on October 9, 1968. The Wisconsin Supreme Court appointed petitioner's trial attorney to represent petitioner in post-conviction proceedings. On January 6, 1969, the attorney procured a writ of error from the Wisconsin Supreme Court to review the conviction. In June 1969 the trial attorney was relieved of his duties (for reasons which are unclear on this record), and a second attorney was appointed. As of petitioner's most recent correspondence (April 27, 1970), his attorney had not filed a brief in the Wisconsin Supreme Court. Petitioner alleges the Wisconsin Supreme Court will not accept a *pro se* brief from him because he is represented by counsel.

Without holding an evidentiary hearing, the U.S. District Court for the Eastern District of Wisconsin denied petitioner's *pro se* application for a writ of habeas corpus and for a certificate of probable cause because of failure to exhaust state remedies, citing petitioner's case pending before the Wisconsin Supreme Court.

Petitioner's allegations of error in his trial present a strong case for review. He claims that an improper identification procedure (conducted more than a year after United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)) plus significant discrepancies between his physical characteristics and those of the suspect described by the

eyewitnesses are cause for reversal of his conviction.

 While federal courts usually wait for the completion of state appeal proceedings before hearing habeas corpus petitions, there are exceptions. The U.S. Supreme Court said in Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963): "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding."

The leading case is Smith v. Kansas, 356 F.2d 654 (10th Cir. 1966), where petitioner was subjected to a one-year delay between the filing of his petition for post-conviction relief and the entry of an appealable order. The court said: "[W]e have recognized that inordinate delay in the adjudication of an asserted post-conviction remedy may very well work a denial of due process cognizable in the federal court." 356 F.2d at 656.

The Fifth and Tenth Circuits, when faced with inordinate delay in the state courts, have remanded cases to the federal district courts for a determination of whether the delays were justifiable. If the district court found the delay was not justifiable, it was ordered to proceed to a hearing on the merits of the habeas corpus petition. Dixon v. Florida, 388 F.2d 424 (5th Cir. 1968); Jones v. Crouse, 360 F.2d 157 (10th Cir. 1966).

 We believe a seventeen-month delay merits an investigation by the district court.

It is therefore ordered that petitioner's application for a certificate of probable cause be granted.

It is further ordered that the case be remanded to the District Court for the Eastern District of Wisconsin for a determination of whether the delay in petitioner's case before the Wisconsin Supreme Court is justifiable. If the district court finds the delay is justifiable or that petitioner's brief has been filed, the court should dismiss the case. If the district court finds the delay is not justifiable, it should proceed to a hearing on the merits of the petition for habeas corpus.