**Thad Douglas LOWE, Petitioner-Appellant,**

v.

**Jack DUCKWORTH, Warden, Indiana State Prison, and Theodore Sendak, Attorney General, State of Indiana, Respondents-Appellees.**

**No. 81–1745.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1981.

Decided Nov. 9, 1981.*

---

* Pursuant to appellant's request, and in the absence of objection by appellees, this appeal is submitted to the court upon the briefs and the record. *See* Fed.R.App.P. 2.

Carlton Lowe, Park Forest South, Ill., for petitioner-appellant.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before PELL, SPRECHER, and CUDAHY, Circuit Judges.

PELL, Circuit Judge.

Petitioner Thad Douglas Lowe appeals from the district court's dismissal of his petition for a writ of habeas corpus. The district court dismissed the petition for failure to exhaust state remedies. When Lowe filed his petition in district court, his post-conviction relief motion [1] was still pending

in state court. Lowe argued to the district court that, notwithstanding the pendency of the state court proceeding, his federal petition should not be dismissed on exhaustion grounds because his state remedy was ineffective. [2] Lowe's state motion had lain dormant for nearly three and one-half years despite his attempts, by writing to the state court judge, to obtain a ruling on his motion.

The district court's dismissal of Lowe's petition was clearly erroneous. *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970). Where state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear the habeas petition on its merits. *Ibid.* A seventeen-month delay is inordinate. *Ibid.* Therefore a three-and-one-half-year delay is also inordinate, triggering the above-described hearing.

Since the filing of this appeal, however, Lowe's federal habeas petition has been rendered moot. The state court before which Lowe's state motion was pending rendered a final decision dated July 14, 1981, granting Lowe a new trial. The attorneys of record were notified of this order approximately ten days to two weeks later. On August 7, 1981, a new arraignment date was set for Lowe. On August 10, 1981, Lowe was released from prison on bond pending the new arraignment. On August 26, 1981, respondents moved to dismiss this appeal as moot. When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot. *Madyun v. Thompson*, 657 F.2d 868, 872 (7th Cir. 1981). Lowe's conviction has been declared null and void, and he can obtain no further remedy by way of the present habeas petition.

---

1. Indiana Rule of Procedure for Post-Conviction Remedies 1.

2. 28 U.S.C. § 2254(b) provides:

    (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process *or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.*
    (Emphasis added.)

The district court's dismissal of the petition for failure to exhaust state remedies is vacated. The case is remanded to the district court with instructions to dismiss the petition as moot.