**UNITED STATES of America ex rel. David A. ROSA, Petitioner,**

v.

**Michael V. NEAL, et al., Respondents.**

**No. 89 C 7700.**

United States District Court, N.D. Illinois, E.D.

Oct. 24, 1989.

David A. Rosa, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

David Rosa ("Rosa") is now serving a term of 50 to 100 years in state custody on a conviction of murder and armed robbery. In this District Court he is a "repeat offender" in a different sense from the customary usage of that term: This case represents his second effort to file a pro se in forma pauperis petition against Danville Correctional Center Warden Michael Neal ("Neal"), seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Section 2254").[1]

---

**1.** This Court's memorandum opinion and order granting summary judgment to Neal and dismissing Rosa's original petition with prejudice is reported at 702 F.Supp. 673 (N.D.Ill.1988).

For the reasons stated in this memorandum opinion and order, this second Section 2254 petition is dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

Rosa's current Section 2254 petition asserts two grounds for relief:

1. inordinate delay in his state court post-conviction proceeding and

2. ineffective assistance of counsel.

Those two claims are really linked, because the ineffective assistance claim presents exactly the same contentions that are being advanced in his pending petition for post-conviction relief in the state court (presumably the Circuit Court of Cook County, though Rosa's petition here does not identify the court by name). According to Rosa's petition here, that state petition was filed in January 1989 and, he says, "almost nine (9) months have passed and the state court have [sic] failed to take action on Petitioner's Post–Conviction Petition, and give him prompt hearing according to Law."

Where Rosa fails in his present effort is in (1) his nonexhaustion of his ineffective-assistance claim and (2) his failure to provide any showing that the delay occasioned in his pending state proceeding has been such as to bring federal habeas corpus jurisdiction into play. This Court has canvassed the case law in those respects, and the decisions simply do not support this Court's intervention via Section 2254 at this point (see such cases as *United States ex rel. Smith v. Twomey*, 486 F.2d 736 (7th Cir.1973) (per curiam); and contrast *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir.1970) (per curiam) ("We believe a seventeen-month delay merits an investigation by the district court") and *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir.1981) ("[A] three-and-one-half-year delay is also inordinate")).[2]

There may of course come a time when a further unexplained delay in the disposition of Rosa's state post-conviction proceeding could represent the type of inordinate delay justifying federal intervention. But plainly no showing to that effect has been made or even suggested here. All legal proceedings take time, nine months is not at all an unusual period, and Rosa has offered nothing to suggest just what has taken place after the filing of his state petition or whether that petition is under appropriate consideration.

As Section 2254 Rule 4 states, "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court...." That being true, the same Rule provides that this Court "shall make an order for its summary dismissal...." Rosa's petition and this action are indeed dismissed summarily.

---

**2.** These cited cases represent only those from our own Court of Appeals in this area. Other cases that this Court has reviewed include a number of District Court decisions in this District and elsewhere, as well as Court of Appeals decisions from around the country. *None* of the reported cases would support a determination that the exhaustion of Rosa's available and pending state court remedy should be waived here at this time.