**Donald Ray SCEIFERS, Sr., Petitioner–Appellant,**

v.

**Clarence TRIGG, Respondent–Appellee.**

No. 93–2722.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1994.

Decided Feb. 3, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 21, 1995.

Jennifer Trofa, Chicago, IL (argued), for Donald R. Sceifers.

Thomas D. Quigley, Office of Atty. Gen., Indianapolis, IN (argued), for Clarence Trigg.

Before CUDAHY, ESCHBACH, and MANION, Circuit Judges.

ESCHBACH, Circuit Judge.

After making little progress in a seemingly endless pursuit of post-conviction relief within the Indiana state court system, Donald

Ray Sceifers, Sr. ("Sceifers"), decided to bypass the Indiana state process and filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana. 28 U.S.C. § 2254. The district court dismissed this cause of action without prejudice for failure to exhaust available state remedies. Sceifers claimed that the exhaustion requirement of § 2254(b) should not bar his petition for federal habeas relief because Indiana's process for post-conviction relief had proven to be ineffective, but the district court rejected this argument. Sceifers appeals, and we affirm.

## I.

The judicial saga of Donald Ray Sceifers, Sr., has taken far too long to unfold. On July 21, 1974, Sceifers shot his wife, Teresa Sceifers, and another man, Herman Lilly. On July 23, 1975, Sceifers was convicted in an Indiana state court of second degree murder in the death of his wife and voluntary manslaughter in the death of Mr. Lilly. Sceifers was sentenced to life imprisonment, and his conviction was affirmed by the Indiana Supreme Court. *Sceifers v. State,* 267 Ind. 687, 373 N.E.2d 131 (1978). On October 31, 1983, Sceifers filed a *pro se* petition for post-conviction relief in state court, and a hearing was set for February 8, 1984. However, on December 12, 1983, Sheila Zwickey, a deputy public defender, appeared on behalf of Sceifers and soon filed a motion for continuance of the upcoming hearing. The continuance was granted, and this case has progressed in a painfully slow manner ever since.

The record indicates that Sceifers became unhappy with Zwickey's performance, and in March of 1985 Brent Westerfeld, outside counsel,[1] was appointed to appear on behalf of Sceifers. The Public Defender of Indiana therefore withdrew from the case. As the years passed, no real progress was made until Terrance Richmond, a newly-appointed outside counsel for Sceifers, entered his appearance on April 24, 1989. Finally, evidentiary hearings were commenced on January 17, 1990. On November 19, 1990, the state trial court issued an order denying Sceifers' petition for post-conviction relief.

Sceifers' next step at the state level was to perfect an appeal from the trial court's denial of post-conviction relief, but Sceifers again became dissatisfied with his attorney's representation. On December 3, 1990, Richmond withdrew his appearance. Robert Canada, another outside counsel, was appointed to represent Sceifers; however, he also withdrew from the case after almost two years of inaction. On March 11, 1993, Eric Koselke became the fifth post-conviction counsel to enter an appearance on Sceifers' behalf. Koselke, who serves as a Special Assistant to the Public Defender of Indiana, is currently seeking to perfect a belated appeal from the state trial court's denial of post-conviction relief.

Meanwhile, on October 2, 1992, Sceifers filed a *pro se* petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 2254. The respondent countered with a motion to dismiss on the ground that Sceifers had failed to exhaust his state court remedies. After Sceifers filed his response to this motion to dismiss, the district court, pursuant to 28 U.S.C. § 636, referred the case to a United States Magistrate Judge with instructions to conduct the "proceedings necessary to address the issues relative to the respondent's claim that this action should be dismissed for failure to exhaust available state remedies."

The magistrate judge first ordered Sceifers to supplement his response to the motion to dismiss, and Sceifers filed the requested supplement on February 9, 1993. A pretrial conference was then held on April 6, 1993, at the conclusion of which the magistrate judge ordered counsel for the respondent to investigate and file a written report on the circumstances causing the current delay in the pending state court post-conviction proceedings. Respondent's counsel filed this report on May 6, 1993.

---

1. We use the term "outside counsel" in this case because that is the term specifically set forth in the state court docket. Although no further explanation of that term is provided in the record, we simply take it to mean an attorney who is not on the staff of the Indiana Public Defender.

On May 28, 1993, the magistrate judge issued his report and recommendation, in which he concluded that the federal habeas petition should be dismissed because Sceifers had not yet exhausted his available state remedies as required by § 2254(b). Sceifers objected, but on June 15, 1993, the district court overruled the objections, adopted the magistrate judge's findings of fact and conclusions of law, and entered judgment dismissing the habeas petition without prejudice. Sceifers filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

## II.

■ On appeal, Sceifers challenges the district court's decision to dismiss his habeas petition for failure to exhaust state remedies. Sceifers contends that he should be excused from the exhaustion requirement of § 2254(b) because of the inordinate delay he has incurred in pursuing his post-conviction relief remedy within the Indiana state process. We review the district court's conclusions of law de novo. Milone v. Camp, 22 F.3d 693, 698 (7th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 720, 130 L.Ed.2d 626 (1995).

In general, "[a] federal habeas petitioner is required under 28 U.S.C. § 2254(b) to exhaust state remedies before a federal court will consider his claims." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991); see Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, this same statutory provision also establishes two exceptions to the exhaustion requirement: (1) if there is no state corrective process available, or (2) if circumstances exist which render such process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b);[2] see Hankins v. Fulcomer, 941 F.2d 246, 249 (3rd Cir.1991) ("The statutory exceptions under Section 2254(b) ensure that the exhaustion requirement is not a 'mechan-

ical formula' limiting federal jurisdiction."). The State of Indiana has made a corrective process available to its prisoners, and we must now determine whether the eleven-year delay experienced by Sceifers renders the state process ineffective within the meaning of § 2254(b). See Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993) ("Undue delay by a state court might show that available state remedies have been exhausted, permitting the federal court to proceed even while the state appeal was pending.").

In Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981), this court held: "Where state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear the habeas petition on its merits." Id. (citing Dozie v. Cady, 430 F.2d 637 (7th Cir.1970)). Since delays of seventeen months and three and one-half years in Dozie and Lowe, respectively, were considered inordinate, Sceifers' delay of eleven years would certainly qualify as inordinate, too. We are therefore tempted to remand this case to the district court for a hearing to determine whether the delay was justifiable. However, the more recent case of Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, —— U.S. ——, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992), instructs us differently.

In Lane, the petitioner was also an Indiana state prisoner seeking post-conviction relief, and he had been inadequately represented by a deputy public defender who did nothing but deceive him for five years. In affirming the district court's dismissal of Lane's federal habeas petition for failure to exhaust state remedies, this court held that the errors of the deputy public defender could not be attributed to the state because, under Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987), there is no constitutional right to counsel on collateral attack. Since the court determined that the delay was specifically caused by Lane's coun-

---

2.  28 U.S.C. § 2254(b) provides:

    An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has ex-

hausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

sel, and not by the state, Lane was precluded from claiming that the state process was ineffective.

After carefully examining the record in the case at bar, we find that Sceifers' eleven-year delay has been caused partially by his own actions and partially by the uninspired performance of his post-conviction counsel, which includes two deputy public defenders and three court-appointed, outside counsel.[3] Thus, in light of our holding in *Lane,* the delay cannot be attributed to the state for purposes of rendering Indiana's state process ineffective under § 2254(b). We therefore conclude that Sceifers must exhaust his state remedies before bringing this habeas action into federal court.

■ Sceifers also sets forth a Fourteenth Amendment due process claim which was not presented in the *Lane* case. Sceifers argues that even though the constitution does not require a state to provide post-conviction counsel (nor a means of post-conviction relief, for that matter), once a state chooses to do so, it must act within the boundaries of constitutional due process. Sceifers correctly points out that Indiana has voluntarily undertaken the duty to provide its state prisoners with post-conviction counsel, *see* Ind. Code Ann. § 33–1–7–2 (Burns 1992),[4] and his contention that Indiana must discharge this statutory duty in compliance with the Fourteenth Amendment arguably has some merit. *See Evitts v. Lucey,* 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821 (1985) (stating that "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause"). However, no such constitutional concern is implicated in the instant case because Sceifers has failed to identify any state action which violates due process. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 838 n. 6, 102 S.Ct. 2764, 2770 n. 6, 73 L.Ed.2d 418 (1982) (explaining that "the Fourteenth Amendment is only offended by action of the state"). Indeed, the actions of Sceifers' deputy public defenders and appointed counsel, which caused the delay, do not constitute state action. *See Polk County v. Dodson,* 454 U.S. 312, 317 n. 4, 102 S.Ct. 445, 449 n. 4, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant").[5] Thus, there was no constitutional violation of due process involved in Sceifers' delay.

### III.

For the foregoing reasons, we AFFIRM the district court's dismissal of this habeas action.

---

3. While Indiana is to be commended for its good intentions in providing its state prisoners with post-conviction counsel through the assistance of the Indiana Public Defender, *see infra* note 4, the horrendous delays that this court has witnessed certainly suggest that the current arrangement needs improvement.

4. Section 33–1–7–2(a) of the Indiana Code provides:

The state public defender shall represent any person confined in any penal facility of this state or committed to the department of correction due to a criminal conviction or delinquency adjudication who is financially unable to employ counsel, in any post-conviction proceeding testing the legality of his conviction, commitment, or confinement, if the time for appeal has expired.

5. The Supreme Court recently noted: "Although *Polk County* determined whether or not the public defender's actions were under color of state law, as opposed to whether or not they constituted state action, this Court subsequently has held that the two inquiries are the same, [(citation omitted)], and has specifically extended *Polk County*'s reasoning to state-action cases. [(citation omitted)]." *Georgia v. McCollum,* —— U.S. ——, —— n. 9, 112 S.Ct. 2348, 2356 n. 9, 120 L.Ed.2d 33 (1992).