62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Debra CHRISTIE, Petitioner-Appellant
v.
Kristine KRENKE Respondent-Appellee.
 No. 94-3064.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 14, 1995.
 
 Before FLAUM, RIPPLE, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Debra Christie, while a prisoner at the Tayceedah Correctional Institution, Fond du Lac, Wisconsin, filed a petition for writ of habeas corpus, 28 U.S.C. Sec. 2254. This petition was denied by the district court for failure to exhaust all available state remedies. We reverse and remand.
 
 
 2
 Christie is currently in custody in Wisconsin. Pursuant to a no contest plea, on September 9, 1991, Christie was convicted of two counts of theft by fraud in the Circuit Court of Waukesha County, Wisconsin. After conviction, but before sentencing, Christie filed a motion to withdraw her no contest plea. This motion was denied and on June 8, Christie was sentenced to an indeterminate term of imprisonment of not more than ten years on count one to be served consecutive to a term of imprisonment of not more than five years on the remaining count. These sentences were imposed consecutive to undischarged terms of imprisonment already being served by Christie. Following sentencing, Christie filed an appeal from the denial of her motion for withdrawal of her plea with the Wisconsin Court of Appeals. The Wisconsin Court of Appeals affirmed her convictions. Christie filed a petition for review with the Wisconsin Supreme Court which was denied.
 
 
 3
 Thereafter, Christie filed a petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, with the district court. In her petition, Christie presented the following claims challenging her September 8, 1991 conviction: (1) trial counsel was ineffective for failing to obtain the witnesses necessary to prove her innocence; (2) her plea was not voluntary; and (3) her conviction was obtained through an unconstitutional search and unlawful arrest. In her petition, Christie asserted that all of these grounds had been previously presented to the trial court, to the Wisconsin Court of Appeals, and to the Wisconsin Supreme Court. The Wisconsin Attorney General, however, argued that Christie had not sought any appellate review of her claim that her conviction was obtained through an unconstitutional search and unlawful arrest. Finding that Christie had not exhausted all available state court remedies, the district court denied her petition for writ of habeas corpus.
 
 
 4
 Generally, "'[a] federal habeas petitioner is required under 28 U.S.C. Sec. 2254(b) to exhaust state remedies before a federal court will consider his claims."' Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir. 1995) (quoting Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, 502 U.S. 944 (1991)); see Rose v. Lundy, 455 U.S. 509 (1982). Where a petition is mixed, i.e., it contains both exhausted and unexhausted claims, the entire petition must be dismissed. Lundy, 455 U.S. at 522. In Lundy, the Supreme Court stated:
 
 
 5
 The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.... Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution.... Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."
 
 
 6
 Lundy, 455 U.S. at 518 (citations omitted). Exhaustion, however, is not required "(1) if there is no state corrective process available, or (2) if circumstances exist which render such process ineffective to protect the prisoner's rights." Sceifers, 46 F.3d at 703.
 
 
 7
 In the instant action, Christie did not present her claims of unlawful search and seizure to the Wisconsin Court of Appeals on direct appeal, or in a timely post-conviction petition under Wis. Stat. Sec. 974.02. Nonetheless, the Wisconsin Attorney General argues that since she is entitled to present these claims pursuant to Wis. Stat. Sec. 974.06, she has not exhausted all available state remedies.[1]
 
 
 8
 Although Christie could have pursued a collateral remedy under Sec. 974.06, she was not required to do so. In State v. Escalona-Naranjo, 185 Wis.2d 169, 517 N.W.2d 157 (Wis. 1994), the Wisconsin Supreme Court held that where a defendant fails to raise a constitutional issue on appeal or in a Sec. 974.02 motion, he is not entitled to have that issue reviewed in a Sec. 974.06 motion. Id. at 181-82, 185, 517 N.W.2d at 162, 164 (footnote omitted). This procedural bar applies "unless the court ascertains that a 'sufficient reason' exists for either failure to allege or to adequately raise the issue ...." Id. at 181-82, 517 N.W.2d at 162. Accordingly, Christie has waived her claims that her conviction was obtained through an unconstitutional search and unlawful arrest. We have held that unless there is a "direct precedent indicating that under the particular circumstances of a prisoner's case the waiver ... doctrine will be relaxed," if a state would treat the petitioner's claims as waived or forfeited, a prisoner need not file a state post-conviction petition. Mason v. Gramley, 9 F.3d 1345, 1347 (7th Cir. 1993). See also Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.), cert. denied, 113 S. Ct. 104 (1992). While the Wisconsin post-conviction court would certainly have the discretion to overlook Christie's waiver, there is no Wisconsin precedent indicating that this procedural bar would be relaxed here.
 
 
 9
 Since Christie was not required to file a Sec. 974.06 motion regarding her claims of unlawful search and seizure, the district court incorrectly concluded that this was a mixed petition, see Rose v. Lundy, 455 U.S. 509, and should not have denied the petition for failure to exhaust all available state remedies. Accordingly, the district court's denial of Christie's habeas corpus petition is REVERSED and the case is REMANDED for further proceedings on Christie's petition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Wis. Stat. Sec. 974.06(1) provides:
 After the time for appeal or postconviction remedy provided in Sec. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under Sec. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 Wis. Stat. Sec. 974.06(4) provides:
 All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.