81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David L. ROGERS, Petitioner-Appellant,
v.
Keith NELSON,** Respondent-Appellee.
 No. 95-1177.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided March 28, 1996.
 
 Before FLAUM, EASTERBROOK, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 David L. Rogers, a state prisoner acting pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court dismissed the petition without prejudice for failure to exhaust state court remedies. We affirm.
 
 
 2
 Rogers pleaded guilty to murder, armed robbery, and armed violence in 1980. The court sentenced him to fifty years in prison. The Illinois Appellate Court affirmed his conviction and sentence in 1982. He did not petition for leave to appeal to the Illinois Supreme Court. In 1990, Rogers filed a petition for post-conviction relief in the Circuit Court of Cook County, claiming violation of his Due Process and Equal Protection rights, as well as ineffective assistance of trial and appellate counsel. He supplemented the petition in 1993. The Cook County Public Defender's Office represented Rogers in these proceedings. On May 16, 1994, Rogers filed a petition for a writ of habeas corpus in the district court, raising essentially the same issues that he presented in state court. He asked the district court to excuse his failure to exhaust state remedies because of excessive delay in the state court system. On July 18, 1994, the circuit court dismissed Rogers' post-conviction petition. He appealed to the Illinois Appellate Court the same day. The district court dismissed Rogers' federal petition on December 2, 1994.
 
 
 3
 Rogers concedes that he had not exhausted his state remedies when he filed his petition seeking a writ of habeas corpus. Exhaustion, while not a jurisdictional requirement, is generally a prerequisite to federal collateral relief. Castille v. Peoples, 489 U.S. 346, 349 (1989); Cawley v. DeTella, 71 F.3d 691, 693 (7th Cir.1995). When an inordinate and unjustifiable delay in state court renders state remedies ineffective, we find that a petitioner has met the exhaustion requirement and hear a petition for habeas corpus on its merits. Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir.1995), cert. denied, 116 S.Ct. 757 (1996). Rogers argues that the delay of more than three-and-a-half years in state court was inordinate.
 
 
 4
 Excessive delay, however, is equivalent to exhaustion of state remedies only if the delay is attributable to the state rather than the prisoner. Id. at 703-04; Lane v. Richards, 957 F.2d 363, 365-66 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992). The record in the case at bar shows that the circuit court continued Rogers' case nineteen times. Seventeen of these continuances were by agreement of the parties. Having acquiesced to the continuances, Rogers cannot now complain of the delay. The result is the same even if it was Rogers' public defender, rather than Rogers personally, who agreed to the continuances. Id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 **
 Rule 2 of the Rules Governing Section 2254 Cases provides that the proper party respondent in habeas corpus actions brought by an incarcerated person is the state officer having custody of the petitioner. Keith Nelson recently replaced Odie Washington as Warden of the Dixon Correctional Center. Accordingly, we substitute him as respondent pursuant to Fed.R.App.P. 43(c)