89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul R. MILLER, Sr., Petitioner-Appellant,
v.
Al C. PARKE, Superintendent, Indiana State Prison, and
Attorney General of the State of Indiana,
Respondents-Appellees.
 No. 95-3182.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided April 30, 1996.
Rehearing Denied June 6, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Paul R. Miller, Sr. petitioned the district court for a writ of habeas corpus, 28 U.S.C. § 2254, while his Indiana post-conviction proceeding was pending. He stated that his state post-conviction-proceeding was inordinately delayed by the appointment of a public defender to represent him (despite his expressed wish to proceed pro se ) and the court's subsequent grant of two continuances to accommodate the attorney's crowded caseload. The district court dismissed the petition without prejudice for failure to exhaust, and Miller appealed. We affirm.
 
 
 2
 On December 16, 1994, Miller filed a pro se petition for post-conviction relief in Indiana state court. In response to question 18(a) on Indiana's petition form, whether he wished to have a public defender represent him, he answered "No." The court, however, transmitted only the memorandum in support of the petition to the public defender's office, and a public defender was appointed to represent Miller. After entering an appearance on Miller's behalf, the public defender subsequently moved for and was granted two continuances, postponing the hearing on Miller's petition. During this time period Miller continued to make filings to the court, in which he asserted that he was proceeding pro se (despite counsel's appearance). On June 26, 1995, Miller filed a petition for a writ of habeas corpus in the district court, asserting that the Indiana court was causing an inordinate delay in his case and denying his due process rights by forcing representation upon him.
 
 
 3
 A habeas petitioner must exhaust all available state remedies before filing in federal court, 28 U.S.C. § 2254(b), and any petition containing unexhausted claims must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). Exhaustion is not required, however, where there is no state corrective process available or existing process is ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b); Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir.), cert. denied, 116 S.Ct. 152 (1995). Undue delay may indicate that state remedies are ineffective, see Sceifers, 46 F.3d at 703; Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993), and Miller contends that the delay in his case indicates that his state remedies are exhausted.
 
 
 4
 At the time Miller filed his federal habeas petition, his state court case had been pending approximately seven months. We cannot find that seven months constitutes undue delay, especially when the delay results from petitioner's counsel. See, e.g., Sceifers, 46 F.3d at 704 (eleven-year delay not inordinate where delay caused by petitioner and his counsel); Lane v. Richards, 957 F.2d 363, 365 (7th Cir.) (five-year delay not inordinate where delay due to petitioner's counsel), cert. denied, 506 U.S. 842 (1992).
 
 
 5
 In Lane, we rejected petitioner's argument that his public defender's delay made exhaustion unnecessary, stating that "[a]ll Lane need do is fire [the public defender] and request a hearing." Lane, 957 F.2d at 365. It is apparent that Miller wishes to follow Lane and represent himself to avoid delay in resolving his case; he argues that although he does not wish (and has never wished) to be represented by any attorney, the court has forced representation upon him and has refused his entreaties to proceed pro se. There is no indication, however, that Miller has undertaken any formal measures, such as asking counsel to withdraw or specifically petitioning the court to let him proceed pro se,[1] to get counsel's appearance on his behalf withdrawn. Cf. Jenkins, 8 F.3d at 508 ("If he believes that his lawyer is not living up to the standards set by state law, he must complain to the state judiciary.") Until such appearance is withdrawn, Miller is bound by his counsel's actions. Lane, 957 F.2d at 365.
 
 
 6
 Because Miller has not exhausted his state remedies and has not shown those remedies ineffective, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Miller filed two documents after his attorney entered an appearance on Miller's behalf. In one, entitled a motion for summary judgment, Miller informed the court that he did not want representation. Apparently the court ignored this pro se filing from a represented party, as it was entitled to do. Kindred v. State, 521 N.E.2d 320, 325 (Ind.1988)