91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence GREGORY-BEY, Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 95-2638.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1996.*
Decided July 11, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Gregory-Bey was convicted of murder, conspiracy to commit robbery, robbery, criminal confinement, and possessing a handgun without a license. He was sentenced on December 17, 1986, and requested that his counsel appeal his conviction. A praecipe to begin the appellate process was filed on December 18, 1986, and then no further action was taken by Gregory-Bey's appellate counsel until June 1990, when a motion to correct errors was filed. His appeal lay dormant again until March 9, 1992, when Indiana granted Gregory-Bey permission to file an appellate brief and ordered new appellate counsel to be appointed. Gregory-Bey filed a petition for a writ of habeas corpus relief on March 21, 1995, arguing that his appeal had been inordinately delayed and thus he had been denied an effective remedy. He also asserted as the deprivation of a federal right, ineffective assistance of counsel and due process violations. (Br. 6, 7, 10, 13, 15, 17). Respondent replied that Gregory-Bey's counsel recently has begun to move on his appeal, thus the Indiana process was effective. The district court agreed and dismissed Gregory-Bey's petition because Gregory-Bey had failed to exhaust his state remedies. The district court rejected Gregory-Bey's argument of inordinate delay finding that "the judicial barrier to the state appellate process has now been removed," so that Gregory-Bey had an effective state process.
 
 
 2
 A habeas petitioner must exhaust his state remedies before a federal court will consider his claim. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 522 (1982). However, § 2254(b) also provides for two exceptions to the exhaustion requirement: (1) when there exists no state corrective process, and (2) when circumstances render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b); Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir.1995). A state corrective process may be rendered ineffective due to undue delay. Sceifers, 46 F.3d at 703; Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993). To proceed to the merits of the habeas petition, the delay must both be inordinate and not justifiable. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981).
 
 
 3
 There is no bright line when a delay passes from reasonable to inordinate. In Lowe, we found a three and one-half year delay inordinate. Id. Dozie v. Cady, 430 F.2d 637 (7th Cir.1970) presents facts similar to this case. In Dozie, the petitioner's attorney had failed to file an appellate brief after seventeen months. We found the delay inordinate and remanded for consideration of justifiability. Id. at 638; see also Sceifers, 46 F.3d at 703 ("Since delays of seventeen months and three and one-half years ... [have been] considered inordinate, Sceifer's delay of eleven years would certainly qualify as inordinate too."). The delay in Gregory-Bey's appeal has lasted approximately ten years. This delay is inordinate.
 
 
 4
 The source of Gregory-Bey's delay has been his initial appellate counsel's failure to pursue his appeal. A criminal defendant has the right to effective assistance of counsel on direct appeal. Penson v. Ohio, 488 U.S. 75, 85 109 S.Ct. 346, 352 (1988); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963); compare with Sceifers, 46 F.3d at 703-4 (delay in post-conviction proceedings due to petitioner's attorney did not violate the Sixth Amendment because there is no constitutional right to an attorney on collateral attack ). In cases in which an appellate counsel has failed to institute a direct criminal appeal, we have held that the Sixth Amendment is violated as a matter of law. "If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal. Abandonment is a per se violation of the sixth amendment." Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994). We further noted in Castellanos that "every court that has squarely confronted this question since Penson" has agreed. Id. at 719. Failure to prosecute an appeal implicates the same denial of the defendant's Sixth Amendment rights. The delay due to Gregory-Bey's counsel has exceeded seven fold the attorney's delay in Dozie. Under these circumstances, the delay of this magnitude is unjustifiable as a matter of law. Therefore, remand to the district court to determine justifiability is not necessary and only will further exacerbate the delays to Gregory-Bey's case.
 
 
 5
 The dissent suggests that we not consider Gregory-Bey's claim of undue delay because Gregory-Bey will have difficulty succeeding on the merits of his petition, and because Gregory-Bey will not "fare better" in federal court than in state court. However, these considerations are not criteria in deciding whether a habeas petitioner has shown undue delay. Rather, we look only to the length of the delay and its justifiability. Further, although we agree that a petitioner will not likely fare better in federal court than in state court, until we have examined the state court record, it is impossible to predict the likelihood of success for Gregory-Bey's federal claims. But that is the purpose of recognizing undue delay--to give Gregory-Bey a chance to present his claims. Otherwise, the exhaustion requirement could prevent a prisoner from being able to file an application for a writ of habeas corpus timely, or, perhaps, ever.
 
 
 6
 Finally, we address whether the inordinate delay has been ended due to the "resumption of appellate advocacy." In Allen v. Duckworth, 6 F.3d 458 (7th Cir.1993), we found a petitioner's claim of inordinate delay moot when the Indiana Supreme Court handed down its decision while the habeas petition was pending. The basis for our finding was that, even if the petitioner won his habeas petition, he would gain nothing because habeas corpus does not allow for compensatory remedies. See also Lowe, 663 F.2d at 43 (inordinate delay claim mooted when the final decision rendered). The circumstances here differ namely because Indiana has not handed down an appellate decision. Rather, the ball seems to be rolling again suggesting only that Gregory-Bey's case will be decided--we cannot say soon, although it may be soon. Who knows what new barriers Gregory-Bey will encounter? Neither party has supplemented the record with evidence indicating that Gregory-Bey's case has been decided, or even that it is slated for oral arguments. Because his case is still pending, Gregory-Bey can demonstrate continued inordinate delay. Only when the Indiana Court of Appeals renders its decision will Gregory-Bey's delay be ended.
 
 
 7
 The district court's judgment is REVERSED and the case is REMANDED to address the merits of Gregory-Bey's habeas petition.
 
 
 8
 PELL, Circuit Judge, dissenting.
 
 
 9
 Because it appears to me that the district court judge ruled correctly on this second effort of the appellant to conduct his bizarre litigation at the federal level, I respectfully dissent.
 
 
 10
 We know where the appellant is residing now, and why. In his own words:
 
 
 11
 Appellant is an inmate at the Wabash Valley Correctional Institution in Carlisle, Indiana, where he is serving two consecutive sixty (60) year sentences for murder; a consecutive fifty (50) year sentence for conspiracy to commit robbery; a consecutive fifty (50) year sentence for robbery; nine twenty (20) year sentences for criminal confinement that are concurrent to each other but consecutive to the other sentences mentioned above; and a consecutive one year sentence for possession of a handgun without a license. These sentences were imposed on December 17, 1986, by the Marion Criminal Court.
 
 
 12
 This overwhelming conglomeration of convictions would be perhaps the type of challenge that F. Lee Bailey would undertake but it is not one that an appointed counsel would tackle with relish or with any degree of confidence. It seems obvious that counsel did not. Even more importantly, I feel it is of interest that nowhere do I discern a claim that any of the convictions were the result of trial errors, which on appeal would have been the basis for granting the writ.
 
 
 13
 It does appear to me from cases such as the present one that the idea is entertained by litigants convicted in state criminal proceedings that they would fare better if they could get into federal court. It is reasonable to believe that this is the underlying reason for 28 U.S.C. § 2254(b), which in effect requires an exhaustion of state remedies before resort to federal proceedings.
 
 
 14
 Two cases are cited in the majority order in which I personally had participated. One is Lowe v. Duckworth, 663 F.2d 42 (7th Cir.1981), in which I authored the opinion. On the facts of that case, it appeared that there had been inordinate delay despite Lowe's persistent efforts. The case was remanded to the district court to dismiss the petition as moot because the state court had in the meantime granted a new trial to the petitioner. In the second case, Dozie v. Cady, 430 F.2d 637 (1970), in which I was a member of the panel, we expressed the belief that a seventeen month delay merited an investigation by the district court. Accordingly, we remanded to the district court to determine whether the delay was justifiable and then if the district court found that the delay was not justifiable it should proceed to the merits of the petition for habeas corpus.
 
 
 15
 In the present case, the majority only remands the case to address the merits of the habeas corpus petition. It does appear to me from recent decisions of the Supreme Court that it is likely to follow the lead of Congress in tightening restrictions on state prisoners' ability to seek help from the federal courts. This case is a good one for us to follow that concept, particularly since the Indiana Attorney General's brief has assured us that the petitioner's appeal is now proceeding.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)