96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin S. VARNER, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 95-3825.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 8, 1996.*
Decided Sept. 3, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's dismissal of Kevin Varner's pro se petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm.[1]
 
 
 2
 Varner is currently incarcerated at the Indiana State Reformatory in Pendleton, Indiana on a December 4, 1990 jury conviction for rape, criminal deviate conduct, and involuntary confinement. On December 18, 1990, Varner was sentenced to two twenty-year terms of imprisonment and one six-year term of imprisonment all to be served concurrently. Varner's projected release date is August 2, 2002. His maximum release date is June 6, 2010. Varner filed a direct appeal to the Indiana Court of Appeals arguing that the evidence was not sufficient to support his conviction. His conviction was affirmed on July 23, 1991. Varner did not perfect a petition for transfer to the Supreme Court of Indiana. On July 15, 1993, he filed a pro se petition for Indiana post-conviction relief alleging ineffective assistance of trial counsel and appellate counsel. On October 6, 1995, while his state post-conviction petition was still pending, Varner filed a federal habeas corpus petition, raising the same claims. The district court dismissed this petition without prejudice for failure to exhaust his available state remedies. This timely appeal follows.
 
 
 3
 Failure to exhaust all available state remedies bars consideration of a federal habeas corpus petition. Jones v. Washington, 15 F.3d 671, 674 (7th Cir.), cert. denied, 114 S.Ct. 2753 (1994). However, a failure to exhaust may be deemed excused if the available state corrective process is ineffective. That is, if there exists an inordinate and unjustified delay in the state court proceedings. Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993); Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir.), cert. denied, 116 S.Ct. 152 (1995).
 
 
 4
 The claims presented in Varner's federal habeas corpus petition are identical to the claims raised in his pending Indiana post-conviction petition. There is no reason to believe that the merits of these claims will not be addressed by the Indiana courts. See Sceifers, 46 F.3d at 703; Lane v. Richards, 957 F.2d 363, 366 (7th Cir.), cert. denied, 506 U.S. 842 (1992). Varner argues, however, that he should not be required to obtain state court review of these claims because of a delay in the state post-conviction proceedings. Varner claims that his case will ultimately be delayed for twenty-one months because of the trial court's scheduling of his post-conviction evidentiary hearing--although Varner's request for an evidentiary hearing was granted on February 3, 1995, the hearing was set for November 13, 1996.
 
 
 5
 While there is no bright line rule, we note that this court has found delays of seventeen months and three and one-half years to be inordinate. Dozie v. Cady, 430 F.2d 637 (7th Cir.1970) (on direct appeal from conviction, attorney's failure to file appellate brief after seventeen months constitutes inordinate delay); Lowe v. Duckworth, 663 F.2d 42 (7th Cir.1981) (exhaustion excused since post-conviction petition dormant for three an one-half years). Varner argues, therefore, that the prospective twenty-one month delay caused by the trial court's scheduling of the evidentiary hearing constitutes an inordinate delay thereby excusing his failure to exhaust. We disagree. The "exhaustion of state remedies is determined at the time that the petition for habeas corpus is filed...." Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir.1992). As of the time of the filing of Varner's federal habeas corpus petition, October 6, 1995, only eight months had gone by without an evidentiary hearing. This delay is not inordinate.
 
 
 6
 Although the evidentiary hearing was set for November 13, 1996, we cannot say that the hearing will necessarily be held on that date. The reason for this late hearing is undisputed. On November 15, 1994, the Supreme Court of Indiana ordered Judge Conroy, the judge presiding over Varner's post-conviction proceedings, to render final judgment on six separate post-conviction petitions (all were death penalty cases) by February 28, 1996. This required postponement of all other cases on Judge Conroy's docket, including Varner's post-conviction petition. In order to expedite a hearing on his petition, Varner or his attorney might have requested that the case be heard by another judge.[2] It is far from certain that such a request would be denied.[3] Moreover, Judge Conroy might be able to clear his docket earlier than expected and reschedule Varner's hearing date.
 
 
 7
 Nor is it without question that this prospective delay would be attributed solely to the Indiana state courts. In an August 10, 1995 letter, counsel informed Varner that an amended post-conviction petition would likely be filed and that it would include additional issues for relief. If so, further delay would be necessary and, hence, attributable to post-conviction counsel. See Lane, 957 F.2d at 365. Varner has failed to establish that the delay resulting from the trial court's late scheduling of the evidentiary hearing rendered his available Indiana post-conviction remedies ineffective.[4]
 
 
 8
 Nonetheless, Varner argues that since a failure to address the merits of his petition would result in a fundamental miscarriage of justice, he is entitled to federal review. The fundamental miscarriage of justice exception allows for federal review of claims waived in state court. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Varner has merely failed to exhaust his Indiana post-conviction remedies. State court review of his claims is forthcoming.
 
 
 9
 Accordingly, the dismissal of Varner's petition is AFFIRMED.[5]
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996" (Pub.L. No. 104-132, 110 Stat. 1214). We need not determine to what extent that Act's amendments to federal habeas corpus review govern cases pending when the Act became effective because we determine that even under the more expansive scope of review prior to the Act, Varner was not entitled to federal habeas corpus relief
 
 
 [2]
 Varner proceeded pro se until August of 1995
 
 
 [3]
 The record indicates that, on April 19, 1995, Varner filed a pro se motion for a change of venue which was denied. However, this motion was only a limited request for transfer. Varner requested that the case be transferred to the judge who presided over his trial
 
 
 [4]
 Additionally, we note that allowing Varner to proceed with his federal habeas corpus proceedings would only duplicate his state court proceedings. At the very latest, an evidentiary hearing will be held on his Indiana post-conviction petition on November 13, 1996. It is more than likely that Varner's state post-conviction proceedings will resume before any federal habeas corpus proceedings would be completed
 
 
 [5]
 Varner maintains that the delay in the state post-conviction proceedings has hampered his ability to obtain testimony from his trial counsel and has caused him great anxiety. However, Varner does not base his request for federal habeas corpus relief on a denial of due process. Cf. Allen v. Duckworth, 6 F.3d 458, 459-60 (7th Cir.1993), cert. denied, 114 S.Ct. 1106 (1994). He argues only that, because of the delay, he is entitled to a review of the merits of his claims. As we have already concluded, the delay does not excuse exhaustion