**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID L. COLEMAN,

      Petitioner - Appellant,

v.

GARY WATKINS,

      Respondent - Appellee.

No. 01-1396
D.C. No. 00-D-2585
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner David L. Coleman, a state prisoner appearing pro se, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition. We previously granted Coleman a certificate of appealability on the issue of "[w]hether inordinate delay in deciding Mr. Coleman's state post-conviction claims in the Colorado Courts . . . is sufficiently long to avoid the exhaustion requirement." Order filed January 29, 2002. We affirm.

I.

In 1987, Coleman was convicted by jury in state court of first-degree murder (after deliberation), first-degree murder (felony murder), aggravated robbery, conspiracy to commit aggravated robbery, two counts of menacing, and possession of a deadly weapon. He was sentenced to concurrent terms of life imprisonment for the murder conviction, thirty-two years for the aggravated robbery conviction, eight years for the conspiracy conviction, four years for the deadly weapon conviction, and eight years for each menacing conviction. In 1993, the state court entered an amended judgment to reflect one conviction of murder. The Colorado Court of Appeals affirmed and the Colorado Supreme Court denied certiorari. Coleman filed his motion for state post-conviction relief in June 1994, asserting that he received ineffective assistance of trial counsel and requesting appointment of counsel. The court appointed counsel in December 1994, but in October 1996, allowed counsel to withdraw. On November 1, 1996, Coleman sought permission to file a pro se amended pleading. The request was granted on November 7,

1996, but Coleman did not file the pleading until July 1998, when he also requested appointment of counsel, which was granted in March 1999. His post-conviction action is pending in state court.

Coleman filed his habeas petition in December 2000, asserting that (1) excessive and inordinate delay in adjudicating his post-conviction motion should excuse his failure to exhaust his post-conviction claims; (2) the trial court erred in not granting his motion to disqualify the trial judge; (3) the state appeals court erred in finding he must show prejudicial conduct by the trial judge for disqualification; (4) evidence seized from Coleman's home should have been suppressed; and (5) the trial court improperly limited Coleman's cross-examination of a witness. The district court found that issues 2-5 had been determined in Coleman's direct appeal. The court further found that the remaining issue was unexhausted and dismissed the action as a mixed petition, citing Rose v. Lundy, 455 U.S. 509, 522 (1982). The court found that most of the delay in state court was caused by Coleman or his counsel, and that the delay did not excuse the exhaustion requirement under § 2254(b)(1)(A).

## II.

In determining whether a habeas petitioner has exhausted state remedies, this court applies the doctrine of comity that "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the

matter." Rose, 455 U.S. at 518. This court must dismiss a habeas petition that contains a mixture of exhausted and unexhausted remedies. Id. at 510.

On appeal, Coleman argues the delay in adjudicating his post-conviction claims is attributable to the State and excuses his failure to exhaust his state remedies. Respondents have filed a "Status Report and Motion to Supplement the Record" with a certified copy of the minute orders from the state post-conviction proceedings. The motion is GRANTED. The minute orders show continued activity in the post-conviction proceeding. On July 30, 2001, Coleman's counsel filed a motion for appointment of an expert witness. The court denied the motion on August 2, 2001, and set a hearing on the merits of the post-conviction petition for August 31, 2001. On August 28, 2001, at the request of Coleman's appointed counsel, the court continued the hearing to November 19, 2001. On August 31, 2001, the court granted Coleman's motion to reconsider the motion for appointment of an expert witness and ordered state payment of expenses for an investigator and expert witness services. On November 5, 2001, Coleman's appointed counsel withdrew. The court appointed new counsel and continued the hearing to January 7, 2002. On November 23, 2001, Coleman filed a pro se motion to vacate his convictions due to the excessive delay in his post-conviction action. There were two more changes of counsel and, on February 28, 2002, the court set the hearing on the merits for June 12, 2002. The status report indicates that the June hearing was continued to August 14, 2002, at the request of Coleman's counsel because he wanted to redraft the pro se motions for

post-conviction relief.

We agree with the district court that the delay in adjudication of Coleman's post-conviction proceedings did not render that process ineffective, thereby excusing the exhaustion requirement under § 2254(b)(1)(A). The district court correctly concluded that a majority of the delay was caused by either Coleman or his counsel. See Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir. 1995) (concluding that "the eleven-year delay experienced by [petitioner does not] render[] the state process ineffective within the meaning of § 2254(b)"). Because Coleman does not have a constitutional right to counsel in the post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Smallwood v. Gibson, 191 F.3d 1257, 1267 n.4 (10th Cir. 1999), and is therefore precluded from claiming he received ineffective assistance of counsel, the errors committed by counsel in connection with those proceedings are not attributable to the State. See Sceifers, 46 F.3d at 703-04. The district court has not prevented Coleman from terminating counsel representation, has continued to appoint new counsel for Coleman, and has not denied requests for continuances.

AFFIRMED. Respondent's motion to supplement the record is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge