Johnson CARTER, Petitioner,

v.

Brian F. BENNETT, Esq., Respondent.

No. 05–C–524–C.

United States District Court, W.D. Wisconsin.

Oct. 28, 2005.

---

Johnson Carter, pro se.

## OPINION AND ORDER

CRABB, District Judge.

This is a proposed civil action for monetary and injunctive relief, brought under 42 U.S.C. § 1983. Petitioner, who is presently confined at the Jackson Correctional Institution in Black River Falls, Wisconsin, asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915.

■ In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit (except under specific circumstances that do not exist here), or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. This court will not dismiss petitioner's case on its own motion for lack of administrative exhaustion, but if respondents believe that petitioner has not exhausted the remedies available to him as required by § 1997e(a), they may allege his lack of exhaustion as an affirmative defense and argue it on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Massey v. Helman,* 196 F.3d 727 (7th Cir. 1999); *see also Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532 (7th Cir.1999).

In his complaint, petitioner alleges the following facts.

## ALLEGATIONS OF FACT

Petitioner Johnson Carter is a Wisconsin state inmate housed at the Jackson Correctional Institution in Black River Falls, Wisconsin. Respondent Brian Bennett is a public defender in Rhinelander, Wisconsin.

Respondent represented petitioner in a criminal matter in 2003. On December 12, 2003, petitioner signed a plea questionnaire/waiver of rights. Respondent had already typed in the date of December 12, 2003, next to the signature line where petitioner signed his name.

At the plea hearing on December 18, 2003, the court read out charges that were not part of the plea agreement petitioner had signed on December 12. Petitioner asked respondent about that and respondent told him not to worry. A few minutes later, respondent altered the plea

agreement petitioner had signed on December 12: he handwrote "18" over "12" so that the date read December 18, 2003 rather than December 12, 2003. Respondent changed the date in order to help the district attorney add charges that petitioner had not agreed to.

## DISCUSSION

For two reasons, petitioner may not proceed in this § 1983 action against respondent Bennett. First, petitioner cannot obtain relief in this court on his claim that respondent provided him with ineffective assistance of counsel because Bennett is not suable under 42 U.S.C. § 1983. Two elements are necessary for recovery under 42 U.S.C. § 1983: petitioner must show that respondent deprived him of a right secured by the Constitution or laws of the United States and that the respondent acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Soldal v. County of Cook*, 942 F.2d 1073, 1074 (7th Cir.1991), *rev'd on other grounds*, 506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). Even if I agreed that petitioner has made out a constitutional claim against Bennett, it is well-settled that a public defender does not act under color of state law for the purpose of § 1983 when providing representation to an indigent client. *Polk County v. Dodson*, 454 U.S. 312, 317, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir.1995). In *Polk County*, the Supreme Court held that an unsuccessful state criminal defendant cannot bring a federal § 1983 action against his state public defender for denial of his Sixth Amendment right to counsel.

Second, because ruling in petitioner's favor would call into question the validity of his confinement, his guilty plea and therefore the validity of petitioner's sole federal remedy is habeas corpus, even if he seeks only damages and not release. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court has held on multiple occasions that when a person can obtain relief for a violation of federal law through a petition for a writ of habeas corpus, he may not bring a claim under § 1983 until he has prevailed under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Because petitioner does not allege that he has obtained a ruling in his favor on the question of the validity of his sentence, he cannot proceed in this court on this claim. He may raise challenges to the fact or validity of his sentence only in a petition for a writ of habeas corpus brought under § 2254 and only after he exhausts all state court remedies available to him.

## ORDER

IT IS ORDERED that

1. Petitioner Johnson Carter's request for leave to proceed *in forma pauperis* on his claim of ineffective assistance of counsel is DENIED because this court lacks jurisdiction to hear this claim;

2. The unpaid balance of petitioner's filing fee is $245.26; petitioner is obligated to pay this amount in monthly payments according to 28 U.S.C. § 1915(b)(2);

3. A strike will not be recorded against petitioner because I did not dismiss the action for one of the reasons set forth in 28 U.S.C. § 1915(g); and

4. The clerk of court is directed to close the file.